UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-333(DWF/SER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )  **GOVERNMENT'S PRE-**<br>)  **HEARING RESPONSE TO**<br>)  **DEFENDANT'S**<br>)  **PRETRIAL MOTIONS** |
| LUIS ANGEL GARCIA, | )<br>) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Nathan P. Petterson, Assistant United States Attorney, hereby submits the Government's Pre-Hearing Response to Defendant's Pretrial Motions.

**1. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence (Docket No. 19)**

The defendant moves the Court for an order directing the government to disclose any "bad act" or "similar course of conduct" evidence that the United States intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. The United States is aware of its obligations under Rule 404(b) and intends to fully comply with those obligations. The issue before the Court is when disclosures under Rule 404(b) must be made.

Rule 404(b) does not require immediate disclosure, but rather "reasonable notice." The United States recommends that such disclosures be ordered to be made no later than fourteen (14) days before trial.

The defendant also requests the Court to direct the government to identify the witnesses through whom such evidence will be presented, and the basis for admissibility. The government objects to that request. Rule 404(b) only requires disclosure of the "general nature of the evidence," and does not require the prosecution to disclose the names of its witnesses, or the basis for its admissibility, which are not required under Rule 16 of the Federal Rules of Criminal Procedure. *See Fed. R. Evid. 404(b)(2), Advisory Committee Notes, 1991 Amendments.*

**2**.   **Defendant's Motion for Disclosure of and to Make Informants and Cooperating Individuals Available to Interview (Docket No. 20)**

This case is based on the execution of a search warrant of a motel room rented by and occupied by the defendant, in which approximately 9 pounds of methamphetamine was seized. The search warrant for the motel room, as well as a search warrant for a vehicle driven by the defendant, were based in part on information received from a confidential informant. The defendant seeks disclosure of the identity of the informant, and to make the informant available.

The United States Supreme Court has long recognized the government's privilege to withhold the identity of a confidential informant. *See United States v. Roviaro*, 353 U.S. 53, 59 (1957); *McCray v. Illinois*, 386 U.S. 300, 310 (1967). "In determining whether disclosure is required, the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). But to overcome the informant privilege, a defendant must provide "more than speculation that the evidence an informant may provide will be material." *Id.* (quoting *United States v. Grisham,* 748 F.2d 460, 463-64 (8th Cir. 1984)). Instead,

2

the defendant "bears the burden of demonstrating that disclosure is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial." *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001). "A trial court abuses its discretion if it orders disclosure absent a showing of materiality." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). The defendant has failed to meet this exacting burden.

Here, the informant merely provided information to the investigating officers regarding the defendant's alleged drug-trafficking activity, which the officers then investigated, corroborating certain aspects of the information and using it as part of the basis for establishing probable cause for the search warrants. As such, the informant is not a material witness but a "mere 'tipster,' i.e., a person who merely conveys information but does not witness or participate in the offense," *Carpenter*, 257 F.3d at 779, and the United States does not intend (nor does it need) to call the informant as a witness at trial to prove its case. Indeed, the charged offense is based exclusively on the evidence seized (methamphetamine) during execution of the search warrant of the motel room, and not based on any of the informant's observations or information. "It is well established that in 'tipster' cases, where the informant is not a necessary witness to the facts, disclosure of the informant is not required." *United States v. Crenshaw*, 359 F.3d 977, 1005 (8th Cir. 2004) (quoting *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997)); *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (finding that informant not material where informant did not participate in crime charged and did not testify at trial, and that

government was not obligated to disclose informant's identity where defendant merely speculated that informant "may have" exculpatory information).

3.   **Defendant's Motion for Disclosure of Grand Jury Testimony of Witnesses (Docket No. 21)**

The defendant seeks disclosure of the grand jury testimony of any witness who will testify at the motions hearing or at trial. The government does not oppose the motion, and will produce any such prior testimony as Jencks Act material. *See* 18 U.S.C. § 3500.

4.   **Defendant's Motion for Disclosure of Impeaching Information and Exculpatory Evidence (Docket No. 22)**

The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The United States has complied, and will continue to comply, fully with those obligations. To the extent evidence exists which is both favorable to the defendant and material to either guilt or punishment, the evidence will be, or already has been, timely disclosed to the defendant. The United States objects to the defendant's motion to the extent that it seeks materials which are not required to be disclosed under *Brady*, *Giglio*, and their progeny.

In particular, however, with respect to *Giglio* material, the defendant's motion is both premature and overbroad. Disclosure of impeachment material is timely if it is produced in compliance with the requirements of the Jencks Act. *See, e.g., United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012); *United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1972). The request for pre-trial disclosure of impeachment

evidence is "a thinly-disguised attempt to learn through discovery who the government [is] likely to call as trial witnesses." *Miller*, 698 F.3d at 704 (addressing motion under Fed. R. Crim. P. 16(a)(1)(E)(i)).

With respect to witness statements, including grand jury testimony, such statements will be produced as Jencks Act material. *See* 18 U.S.C. § 3500. Federal Rule of Criminal Procedure 16(a)(2) specifically excludes statements made by government witnesses from pretrial discovery, except as provided in the Jencks Act. The Jencks Act expressly provides in relevant part that statements or reports made by a prospective Government witness are *not* subject to "subpoena, discovery, or inspection *until said witness has testified* on direct examination in the trial of the case." 18 U.S.C. § 3500(a) (emphasis added). The United States has not yet determined who it will call as witnesses at trial. The United States, however, has voluntarily made, and intends to continue making, early disclosure of *Giglio* and Jencks Act material. The United States objects, however, to any order *requiring* it to provide early disclosure

The United States agrees to provide the defendant with the criminal records, if any, of its witnesses immediately before trial. Similarly, the United States also agrees to provide defendant any promises or agreements between it and its witnesses, if any. The United States also understands its obligation under *Giglio* and *Brady* to disclose certain other impeachment evidence, if any, for its witnesses. The United States declines to provide any such material with respect to persons who will not be called as witnesses since such a request is beyond the scope of *Brady* and its progeny.

5

*See United States v. Presser*, 844 F.2d 1275, 1283-85 (6th Cir. 1988); *Eisenberg*, 469 F.2d at 160.

5. **Defendant's Motion for Early Disclosure of Jencks Act Material (Docket No. 23)**

Defendant moves for an order requiring the United States to disclose Jencks Act materials prior to trial. Because the defendant's motion directly contravenes the Jencks Act and well-established Eighth Circuit precedent, the motion should be summarily denied. Federal Rule of Criminal Procedure 16(a)(2) specifically excludes statements made by government witnesses from pretrial discovery, except as provided in the Jencks Act. The Jencks Act expressly provides in relevant part that statements or reports made by a prospective Government witness are *not* subject to "subpoena, discovery, or inspection *until said witness has testified* on direct examination in the trial of the case." 18 U.S.C. § 3500(a) (emphasis added). The Eighth Circuit has repeatedly recognized that the Government cannot be compelled to produce Jencks Act material until *after* the witness has testified at trial on direct examination. *See, e.g., United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *Anderson v. United States*, 788 F.2d 517, 519 (8th Cir. 1986); *United States v. White*, 750 F.2d 726, 728-29 (8th Cir. 1984). Indeed, the established rule in this Circuit is that, ordinarily, the United States need not disclose Jencks Act material prior to the direct examination of the witness to whom the material pertains. *See United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *United States v. Wilson*, 102 F.2d 968, 971 (8th Cir. 1996); *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992); *White*, 750 F.2d at 729. Although the United States has and may further

6

disclose such information prior to a witness's trial testimony, the United States cannot properly be required to do so. The defendant's motion, therefore, is meritless.

The United States understands that early disclosure of Jencks Act material assists in the orderly progress of trial, and therefore routinely makes Jencks Act material available voluntarily to defendants before trial. However, any explicit order for early disclosure of Jencks Act material would contravene the statute.

6. **Defendant's Motion for Discovery and Inspection (Docket No. 24)**

The United States has already complied with Rule 16(a)(1)(A)-(F) and has even made discovery not required by law. However, the United States objects to any discovery order which exceeds the requirements of Rule 16. Rule 16 is the only vehicle for discovery in a criminal case and it has been held consistently that there is no general constitutional right to discovery in a criminal case. *See United States v. Bursey*, 429 U.S. 545, 559 (1977).

7. **Defendant's Motion for a Franks Hearing (Docket No. 25)**

The defendant has requested a *Franks* hearing. *Franks v. Deleware,* 438 U.S. 154 (1978). To be entitled to a hearing, a defendant must make a substantial preliminary showing that includes:

> allegations of deliberate falsehood or of reckless disregard for the truth [.][T]hose allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard

7

> whose impeachment is permitted ... is only that of the affiant, not of any nongovernmental informant.

*Id*. at 171.  The challenger's attack must be more than conclusory, and must be supported by more than a mere desire to cross-examine.  *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007).  The requirement of a substantial preliminary showing is not lightly met.  *Id*.

In the instant case, the defendant has failed to make the necessary substantial preliminary showing.  The defendant's request for a *Franks* hearing seems to focus on the search warrant affidavits' description of the vehicle that was to be used to transport the methamphetamine.  The affidavit indicates that the initial information from the informant was that a:

> late model Mercedes Coupe was enroute to Minnesota from California which contained approximately twenty (20) pounds of methamphetamine.  The vehicle was further described as being black in color with read accents bearing California dealer temporary plates.

Based on that information, the affidavits indicate officers began canvassing hotels in the St. Cloud area looking for the described vehicle.  An officer later located a vehicle described as a "dark in color late model Mercedes CLA250…[with] temporary dealer plates…from Fusion Motors in Moreno Valley, CA."  The aforementioned CLA250 has been described as silver, and the government will present a color photograph of the vehicle at the motions hearing.

Clearly defendant has failed to make a substantial preliminary showing of any falsehoods in the affidavit.  There were differences in the vehicle described by the informant and the vehicle ultimately located and searched.  However, those

differences are plainly identified in the affidavit. Defendant's request for a *Franks* hearing should be denied.

**8.     Defendant's Motion to Retain Rough Notes and Evidence (Docket No. 26)**

The United States does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes created as part of the investigation. Although the defendant is not currently requesting the *disclosure* of such rough notes, the United States would object to any order concerning their disclosure. Contrary to the defendant's contention, rough notes are *not* considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding rough notes are not a statement of a witness as there was no evidence witness signed, adopted or approved of notes); *see also United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (finding defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtab*, 901 F.2d 799, 808-09 (8th Cir. 1990) (holding that defendant not entitled to discover testifying agents destroyed rough notes of investigations as Jencks Act material when notes merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (holding that defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

9. **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Docket No. 27)**

State search warrants were signed and executed for a room at the Hampton Inn Hotel in St. Cloud, Minnesota, and for a silver Mercedes. A copy of the search warrants will be offered into evidence at the motions hearing. It will be established that the search warrants were supported by ample probable cause. The defendant's motion to suppress evidence obtained as a result of search and seizure should be denied.

Respectfully submitted,

Dated: March 1, 2017

ANDREW M. LUGER
United States Attorney

*s/ Nathan P. Petterson*

BY: NATHAN P. PETTERSON
Assistant U.S. Attorney
Attorney ID No. 151506