UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-333 (DWF/SER)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **POSITION OF THE** |
| | ) | **UNITED STATES WITH** |
| v. | ) | **RESPECT TO SENTENCING** |
| | ) | |
| LUIS ANGEL GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Nathan P. Petterson, Assistant United States Attorney, hereby submits the Position of the United States with Respect to Sentencing.

## BACKGROUND

Defendant Luis Angel Garcia pled guilty to a one-count Indictment, which charged him with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).  Both the Presentence Report ("PSR") and the parties' Plea Agreement and Sentencing Stipulations ("Plea Agreement") calculated a total offense level of 35.  That calculation includes a base offense level of 36, since Garcia is accountable for approximately 4.17 kilograms of actual methamphetamine, which was based on the seizure of approximately 4.25 kilograms of a substance containing methamphetamine, with a purity of approximately 98 percent.  (PSR ¶ 14; USSG § 2D1.1(a)(5) and (c)(2)).  A 2-level increase was applied because Garcia possessed a

firearm in connection with the offense.  (USSG § 2D1.1(b)(1)).    Garcia has demonstrated his acceptance of responsibility, resulting in a 3-level decrease, and a total offense level of 35.    (PSR ¶¶ 14-25; Plea Agreement ¶ 6).   Garcia has 3 criminal history points, placing him in criminal history category II.  (PSR ¶ 32).  The resulting Guideline range is 188 to 235 months' imprisonment.  (PSR ¶ 60).  The charge carries a 10-year mandatory minimum sentence, under 21 U.S.C. § 841(b)(1)(A)(viii).

## DISCUSSION

The issue before the Court is what constitutes a reasonable sentence as guided by the factors of Title 18, United States Code, Section 3553(a).  Although the Sentencing Guidelines are advisory, the Court must begin its analysis with the Guidelines and "remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n. 6 (2007).  Indeed, a court may "'rest [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case' if the court finds that the case before it is typical." *United States v. Robinson*, 516 F.3d 716, 718 (8th Cir. 2008) (*citing Rita v. United States*, 551 U.S. 338, 357 (2007)).  The government respectfully requests this Court to sentence Garcia to a term of imprisonment of approximately 188 months, the bottom of the applicable Guideline range.  The sentencing factors set forth in 18 U.S.C. § 3553(a) support the reasonableness of such a sentence.

1.  **The Nature and Circumstances of the Offense**

Garcia's crime was a very serious offense.  On November 14, 2016, a search warrant was executed at a hotel room in St. Cloud, Minnesota, in which Garcia was the sole

occupant. When officers entered the room, Garcia was in the bathroom. Officers discovered 10 ziploc baggies of methamphetamine in the toilet. The total weight of the methamphetamine was approximately 4.25 kilograms (approximately 9.35 pounds), and it was 98 percent pure. Also located in the bathroom was a duffel bag containing clothing, a scale, and a Glock 9-millimeter handgun. The handgun was loaded, with a round in the chamber. According to the National Crime Information Center, the handgun was stolen in March 2016, in Inglewood, California. (PSR ¶¶ 6-8).

2.  **The History and Characteristics of the Defendant**

Garcia is only 24 years old, and he does not have a significant criminal history. He was convicted of the felony offense of Grand Theft- Money/Labor/Property, in Los Angeles County, California, in September 2016. Garcia was on probation for that offense at the time he traveled to Minnesota and committed the instant offense. (PSR ¶ 29).

Garcia has a significant history of substance abuse, including alcohol, marijuana, cocaine and methamphetamine. To his credit, he has expressed an interest in the Bureau of Prisons' Residential Drug Abuse Program (RDAP), which seems appropriate, given his history.

3.  **The Need for the Sentence Imposed To Reflect the Seriousness of the Offense, To Promote Respect for the Law, and To Provide Just Punishment for the Offense**

A sentence significantly below the Guidelines in this case would not reflect the seriousness of Garcia's offense, would not promote respect for the law, and would not provide just punishment. A sentence within the Guidelines range is necessary to reflect the seriousness of defendant's conduct.

**4.     The Need for the Sentence Impose To Afford Adequate Deterrence to Criminal Conduct**

Similarly, a sentence significantly below the Guidelines would not afford adequate "general" deterrence to criminal conduct by others. Under Eighth Circuit law, "general deterrence . . . is one of the key purposes of sentencing . . ." *See United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006).

**5.     The Need for the Sentence Imposed To Protect the Public from Further Crimes of the Defendant**

Garcia's possession of a large quantity of highly pure methamphetamine and a stolen firearm presented a significant risk to public safety. A sentence in or near the Guidelines range would protect the public from the commission of further crimes by Garcia.

**6.     The Need To Avoid Unwarranted Sentencing Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

A Guidelines sentence will avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of possessing similarly large quantities of methamphetamine, and possessing firearms in connection with the offense.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court impose a sentence of approximately 188 months' imprisonment, the bottom of the

applicable Guidelines range.  That would be a reasonable sentence as guided by the factors outlined in Title 18, United States Code, Section 3553(a).

Dated: August 29, 2017

>Respectfully Submitted,
>
>GREGORY G. BROOKER
>Acting United States Attorney
>
>*s/ Nathan P. Petterson*
>
>BY: NATHAN P. PETTERSON
>Assistant U.S. Attorney
>Attorney ID No. 151506