# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 16-0333 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Luis Angel Garcia, | |
| Defendant. | |

Brian N. Toder, Esq., Chestnut Cambronne, PA, counsel for Defendant.

Katharine T. Buzicky, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Luis Angel Garcia's ("Garcia") motion for release in light of the COVID-19 pandemic. (Doc. No. 60 ("Motion").) The United States of America (the "Government") opposes Garcia's Motion.[1] (Doc. No. 61.) For the reasons discussed below, the Court respectfully denies Garcia's Motion.

## BACKGROUND

On May 26, 2017, Garcia pled guilty to one count of possession with intent to distribute methamphetamine. (Doc. Nos. 42-43; *see also*, Doc. No. 9.) This Court sentenced him to 120 months of imprisonment to be followed by a five-year term of supervised release.

---

[1] The Court also received and considered Garcia's reply to the Government's opposition. (Doc. No. 76 ("Reply").)

(*See* Doc. Nos. 55, 58.)  Garcia is now incarcerated at Lompoc FCI in California.  BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 14, 2020).  According to the Bureau of Prisons ("BOP"), Garcia's release date is July 2, 2025.  *Id.*

On April 27, 2020, Garcia tested positive for COVID-19 for which he was prescribed an Albuterol Inhaler.  (Doc. No. 61 ("Def. Memo.") at 2; Doc. No. 62 ¶ 4, Ex. 2 ("Medical Records")).  Garcia now moves for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that he resides in a unit with suspected and confirmed cases of COVID-19, and that "if [he] recovers, he can be re-infected and will likely be re-infected given the conditions at [FCI] Lompoc."  (Def. Memo. at 2; *see also* Reply at 2-4 (citing specific concerns with the conditions at FCI Lompoc).)  Garcia requests that his prison sentence be reduced to "time-served coupled with home confinement and treatment for chemical dependency as a condition of supervised release."[2]  (*Id.* at 9.)  He argues further that the Section 3553(a) sentencing factors weigh heavily in favor of release.  (*Id.* at 9-10; Reply at 3.)

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by

---

[2] Garcia asserts that while the Court recommended the BOP's Residential Drug Abuse Program, he has yet to receive treatment.  (Def. Memo. at 10.)  He contends that due to the COVID-19 pandemic, he is unlikely to receive treatment despite "the potential to rehabilitate himself if he could only be given a chance."  (*Id.*)

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that: (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[3] USSG § 1B1.13 ("Statement"). The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[4]  *Id.*

---

[3]   While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

[4]   The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia. (Statement.)

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[5] *Id.*

Garcia asserts that he requested compassionate release from the warden at FCI Lompoc on or about the third week of May 2020. (Def. Memo. at 8.) The record reflects that his request was denied on May 26, 2020. (Doc. No. 77 ¶ 4, Ex. 9 ("Denial").) The Denial states, "[i]f you are not satisfied with the response to your request, you may commence an appeal of this decision via the administration remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response." (Denial at 1.) The record does not reflect whether Garcia appealed the Denial. Accordingly, the Court cannot verify that Garcia has exhausted his administrative remedies and therefore cannot consider his Motion. Even if the Court could consider his Motion, though, the Court finds that it fails on the merits.

Specifically, after a careful review of Garcia's Motion, supporting memoranda and exhibits, including his Medical Records, the Court finds that Garcia's circumstances do

---

[5]   While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

4

not meet the demanding standard for compassionate release.  The Court understands that Garcia feels susceptible to COVID-19, particularly due to its infection rate at FCI Lompoc, and because he has already contracted it once.  Notwithstanding, this Court agrees with others that a generalized fear is insufficiently extraordinary or compelling to warrant immediate release.  *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).  Garcia cites no underlying medical condition cited by the Centers for Disease Control and Prevention ("CDC") that puts him at risk of severe infection from COVID-19.  *See* CDC, People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 14, 2020).

The Statement clearly defines "extraordinary and compelling" medical conditions as those "which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover."  While the Court is sympathetic to Garcia having suffered from the virus approximately 2 months ago, the CDC does not include prior infection as a condition that increases his risk for severe infection if Garcia were to contract the virus again, nor does Garcia present any other condition that makes him uniquely vulnerable.[6]  Moreover, the fact that Garcia appears to have recovered from

---

[6] *See* CDC, People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 14, 2020).  Moreover, Garcia's Medical Records do not indicate any other condition that makes him susceptible to severe infection.  (*See generally*, Medical Records.)

5

the virus indicates that the BOP was able to properly care for him while he was ill. The Court notes that the BOP is also taking active steps to mitigate the spread of the virus.[7]

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Garcia's concerns, the Court finds that the circumstances do not present an extraordinary and compelling reason to warrant release. *United States v. Lemon*, Doc. No. 93 at 5, 08-cr-246 (DSD) (D. Minn. Jun. 24, 2020) (denying compassionate release to prisoner with prior COVID-19 infection because his condition did not satisfy the criterion under the Statement). Accordingly, the Court respectfully denies Garcia's Motion.[8]

## CONCLUSION

For the reasons set forth above, the Court finds that Garcia is ineligible for compassionate release because he does not present an extraordinary and compelling reason to warrant release.

---

[7] Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accessed July 14, 2020). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (*Id.*) Current measures also include a 14-day isolation period, and limited group gatherings. *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed July 14, 2020).

[8] Because the Court lacks jurisdiction to consider Garcia's Motion, and because even if the Court could consider it, his Motion fails on the merits because he fails present a "extraordinary and compelling" reason to warrant release, the Court need not consider the § 3553(a) factors or whether he poses danger to the safety of any other person or to the community. *See* 18 U.S.C. § 3582(c)(1)(A); Statement.

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Luis Angel Garcia's Motion for Release (Doc. No. [60] is respectfully **DENIED**.

Date: July 16, 2020　　　　　　　　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　　　United States District Judge