UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                              Criminal No.16-333 (DWF/SER)

          Plaintiff,

v.                                                                          **ORDER**

Luis Angel Garcia,

          Defendant.

This matter is before the Court on Defendant Luis Angel Garcia's ("Garcia") Motion for Reconsideration (Doc. No. 86 ("Motion")) of the Court's July 16, 2020 Order denying his motion for compassionate release in light of the COVID-19 pandemic (Doc. No. 78 ("Denial")).[1] When Garcia filed his motion for compassionate release, he was represented by Counsel. (Doc. No. 59.) Soon after the Court's Denial, Garcia filed a subsequent motion for compassionate release acting *pro se*.[2] (Doc. No. 79.) On

---

[1] The Court denied Garcia's motion in part because it could not determine whether Garcia had exhausted his administrative remedies. (Denial at 4-5.) The Court noted that even if Garcia's motion was ripe for review, it failed on the merits because "Garcia's circumstances [did] not meet the demanding standard for compassionate release." (Denial at 5.) Specifically, the Court observed that Garcia "cite[d] no underlying medical condition cited by the Centers for Disease Control and Prevention ("CDC") that put[] him at risk of severe infection from COVID-19." (*Id.*) The Court also declined to grant release based on Garcia's fear that he was susceptible to the virus because he had already contracted it once. (*Id.*)

[2] Garcia's *pro se* motion cited obesity and fear over reinfection from COVID-19 as extraordinary and compelling reasons for release. (Doc. No. 79 at 12-13.) These arguments are included in his motion for reconsideration. (Motion at 7-12.)

December 10, 2020, the Court once again appointed Garcia counsel.  (Doc. No. 84.)  The Court also set a briefing schedule indicating that additional briefing by Garcia was due on December 22, 2020, followed by the Government's response on December 29, 2020, and Garcia's reply on January 4, 2021.  (Doc. No. 85.)  On December 22, 2020, Garcia's counsel filed the motion for reconsideration currently before the court.  (*See* Motion.)  Additional briefing by the Government and Garcia also addressed the motion for reconsideration as opposed to Garcia's *pro se* request.  Because the motion for consideration largely incorporates Garcia's *pro se* arguments, and because the parties appear to have decided to brief just the motion for consideration without withdrawing the *pro se* request, this Order applies to both Garcia's *pro se* request and his motion for reconsideration.[3]

    Garcia now argues that reconsideration is appropriate because:  (1) the Court is not restrained by U.S.S.G. §1B1.13 when determining the existence of extraordinary and compelling circumstances; (2) the matter is ripe for consideration; (3) obesity is a medical condition that increases the risk of severe infection from COVID-19; (4) the BOP has failed to mitigate the spread of COVID-19; and (5) the sentencing factors set

---

[3]    For the purposes of citation, this Order references just Garcia's motion for reconsideration.

forth in 18 U.S.C. § 3553(a) favor release.[4]  (Doc. No. 87 ("Def. Memo.") at 3-12; Doc. No. 90 ("Reply") at 3-8.)

The Government argues that Garcia's Motion should be denied because it is procedurally barred and because he has failed to show that the Court made a factual or legal mistake in its analysis.  (Doc. No. 88 ("Govt. Opp.) at 4-13.)  Moreover, the Government contends that release is not appropriate because Garcia poses a danger to the public, and because the § 3553(a) sentencing factors weigh against it.  (Govt. Opp. at 1 (citing arguments in Doc. No. 69).)

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."[5]  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted).  The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances."  *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).

The Court first notes that reconsideration is not procedurally barred.  While the Denial was based in part on Garcia's failure to properly convey that he had exhausted his

---

[4]     The Court did not consider in its Denial the § 3553(a) sentencing factors or whether Garcia posed a danger to the public because even if the Court had jurisdiction to consider the motion, it failed on the merits.  (*See* Denial 6.)

[5]     Although motions for reconsideration are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

administrative remedies, the Court notes that since that time, Garcia requested and was denied compassionate release from the warden at this facility.[6] (Doc. No. 91, Exs. 8, 9.) Notwithstanding, for the reasons set forth below, the Court still finds that Garcia's request for compassionate release fails on the merits and declines to reconsider its Denial.

Garcia first contends that since the Court's Denial, the law has changed insofar as there is now a split of authority as to whether the Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A), U.S.S.G. §1B1.13 (the ("Statement")), applies to motions for compassionate release initiated by defendants.[7] (Def. Memo. at 3-6.) Garcia asks this Court to agree with others that

---

[6] The Government withdrew its argument that the Court previously lacked jurisdiction over the matter, however it invoked a mandatory claims-processing rule on the grounds that Garcia's request to his warden did not include obesity as a basis for release. (Govt. Opp. at 6.) The Court observes that Garcia's subsequent request to his warden specifically referenced obesity as an underlying condition that made him susceptible to COVID19. (*See* Doc. No. 91, Ex. 8.)

[7] The Statement provides, "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C § 3582(c)(1)(A), the court may reduce a defendant's term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that: (1)(A) extraordinary and compelling reasons warrant the reduction . . . (2) [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) [t]he reduction is consistent with this policy statement." USSG § 1B1.13 ("Statement").

The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.

4

because the Statement's own language limits it to motions initiated by the Bureau of Prisons, the Court has broad discretion to determine the existence of extraordinary and compelling circumstances unrestrained by the Statement when considering motions initiated by the defendant.[8] (*Id.* at 4-6.)

Garcia next argues that release is appropriate because he is obese, and because he is susceptible to reinfection. (Def. Memo. at 7-11; Reply at 3.) Garcia also contends that the Bureau of Prisons has failed to mitigate the spread of COVID-19 because in the months since the Court's Denial, a higher percentage of inmates at the facility where he is incarcerated have been infected with the virus. (Def. Memo. at 10.) He reiterates his arguments that prisons are particularly dangerous and susceptible to outbreaks of COVID-19. (Def. Memo. 10-12.)

In its Denial, the Court stated, "[w]hile the [Statement] refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be 'consistent with applicable policy statements issued by the Sentencing Commission' to mean that the Statement also applies to motions filed by defendants." The Court acknowledges the ongoing litigation

---

[8]     Garcia acknowledges that some jurisdictions, including this Court, have found that the Statement applies to motions filed by defendants. (Motion at 3.) He relies on *United States v. Thomas McCoy*, 981 F.3d 271 (4th Cir. 2020), wherein the Fourth Circuit jointed the Second, Sixth, and Seventh Circuits to find that the Statement does not apply to motions initiated by the defendant to support his argument. (*Id.* at 4-6.) He also asserts that one court in this jurisdiction recently relied on *McCoy* to find that the Statement did not apply to a motion initiated by a defendant. (*Id.* at 6 (citing *United States v. Dean*, CR-15-0339 (PJS/AJB), 2020 WL 7055349, (D. Minn. December 2, 2020 ).)

surrounding this issue and that other courts have found that the Statement does not apply to motions initiated by a defendant. *See McCoy*, 981 F.3d 271 at 281; *United States v. Brooker,* 976 F.3d 228 at 234 (2d Cir. 2020); *United States v. Jones,* 980 F.3d 1098 at 1110-11 (6th Cir. Nov. 20, 2020); *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Court also notes that the Eighth Circuit has not yet considered the issue. Notwithstanding, the Court declines to reconsider its Denial on this basis as there is no authority compelling it do so. As discussed below, even if the Court were to exercise broader discretion, it would still find that Garcia's circumstances do not meet the demanding standard for compassionate release.

While the Court recognizes that in the months since its Denial the Centers for Disease Prevention and Control (the ("CDC")) has found that obesity is a medical condition that increases a person's risk of severe illness from COVID-19, the Court declines to grant compassionate release on this basis alone. *See, e.g.*, *United States v. Garcia*, Cr. No. 10-275 (02) (MJD), 2020 WL 5500455, at *2 (D. Minn. Sept. 11, 2020) (finding obesity insufficiently extraordinary or compelling reason to warrant compassionate release); *United States v. Hennessey*, Cr. No. 18-304 (JRT/KMM), 2020 WL 4209020, at *1 (D. Minn. July 22, 2020) (same); *United States v. Edison*, Cr. No. 12-225 (DWF), 2020 WL 3871447, at *3 (D. Minn. July 9, 2020) (same); *United States v. Smith*, Cr. No. 16-169 (04) (MJD), 2020 WL 5424858, at *1 (D. Minn. Sept. 10, 2020) (finding that obesity and diabetes did not demonstrate extraordinary and compelling reasons); *United States v. Capehart*, Cr. No. 14-344-4 (JRT/TNL), 2020 WL 6119998, at *2 (D. Minn. Oct. 16, 2020) (finding that obesity and asthma did not

demonstrate extraordinary and compelling reasons); *United States v. Wright*, Cr. No. 17-0301 (WMW/DTS), 2020 WL 733412, at *4, (D. Minn. Dec. 14, 2020) (finding obesity insufficiently extraordinary or compelling reason to warrant compassionate release).

Moreover, the Court is still not persuaded by Garcia's argument that he is particularly susceptible to COVID-19 because he has already been infected by it and finds no reason to reconsider its initial analysis. Similarly, while the Court finds it truly unfortunate that so many inmates at Garcia's facility have been infected with the virus, some level of continued spread is inevitable until a vaccine is widely available. The Court also notes that there are currently no inmates and just 2 staff who are positive for the virus at Lompoc FCI where Garcia is incarcerated. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Jan. 13, 2021). Therefore, the Court remains unpersuaded that release is appropriate based on Garcia's allegations that prison is particularly dangerous or that his facility has failed to mitigate the spread of the virus.

Even if the Court did find that Garcia's circumstances were sufficiently extraordinary or compelling, the Court would still find that release is not appropriate because it cannot conclude that Garcia no longer poses a threat to the safety of the community and because the § 3553(a) sentencing factors weigh strongly against release.

In short, Garcia has served just a fraction of his 120-month sentence.[9]  The Court finds that such a significant sentence reduction would not adequately address the seriousness of the charges of Garcia's conviction, promote respect for the law or provide a just punishment.

The Court remains mindful of Garcia's concerns and belief that the Court improperly denied his request for compassionate release.  Notwithstanding, the Court finds no basis to reconsider its Denial.  It is truly unfortunate that so many prisoners have been infected with COVID-19, and that some level of continued spread remains inevitable until a vaccine is widely available.  In spite of the risk, the Bureau of Prisons must continue to carry out its charge to incarcerate sentenced criminals to protect the public and any release must be balanced against the danger it poses to society.  Here, even if the Court did find that Garcia presented extraordinary and compelling circumstances, all remaining factors weigh against release.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Luis Angel Garcia's Motion for Reconsideration of the Court's July 16, 2020 Order denying his motion for compassionate release in light of the COVID-19 pandemic (Doc. No. [86]) and his *pro se* request for compassionate release (Doc. No. [79]) are respectfully **DENIED**.

Date: January 19, 2021                              s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge

---

[9]  Garcia's 120-month sentence is already 68 months below the lower end of his Guidelines range.  (Doc. No. 47 ¶ 60.)